Filed 1/21/14  P. v. Fernandez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B249915 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA127010) |
| v. | |
| DERICK ESTEVAN FERNANDEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Peter P. Espinoza, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

Police arrested Derick Estevan[1] Fernandez after a homeowner found him in the garage on April 10, 2012 holding a package of paper towels belonging to the homeowner. On January 28, 2013 Fernandez contacted the mother of his two year-old son in violation of a restraining order and punched her in the head following an argument.

Represented by counsel, Fernandez pleaded not guilty to a consolidated information charging him with residential burglary (Pen. Code, § 459),[2] inflicting corporal injury on the mother of his child (§ 273.5, subd. (a)), and disobeying a restraining order (§ 166, subd. (a)(4)). The information specially alleged as to the burglary count that Fernandez had suffered a prior serious or violent felony conviction within the meaning of section 667, subdivision (a)(1), and the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12) and had served three separate prison terms for felonies (§ 667.5, subd. (b)). Fernandez subsequently made a motion pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 asking the court to relieve his appointed counsel, which the trial court denied.

In a negotiated agreement, Fernandez pleaded no contest, orally and in writing, to committing residential burglary and inflicting corporal injury on the mother of his son, and admitted the prior conviction allegations, in exchange for an 11-year state prison sentence. Prior to entering his plea, Fernandez was advised of constitutional rights and the consequences of his plea. Fernandez waived his constitutional rights and acknowledged that he understood the consequences of his plea. Counsel for Fernandez stipulated to a factual basis for the plea. The trial court found that Fernandez had knowingly, voluntarily, and intelligently waived his constitutional rights, and entered his no contest plea.

---

[1] The record also shows Fernandez's middle name as "Esteban".

[2] All further statutory references are to the Penal Code.

2

At the sentencing hearing, in accordance with the plea agreement, the court imposed the 11-year sentence, consisting of a term of four years (the two-year lower term doubled under the Three Strikes law) for residential burglary, plus two years (one-third the middle term of three years doubled under the Three Strikes law) for inflicting corporal injury on the mother of his child, plus five years for the prior serious felony conviction pursuant to section 667, subdivision (a)(1). The trial court dismissed the misdemeanor charge of disobeying a protective order (count 3) and the prior prison term allegations as part of the negotiated plea. The court awarded Fernandez presentence custody credit of 182 days (91 actual days and 91 days of conduct credit). The court ordered Fernandez to pay a $40 court security fee and a $30 criminal conviction assessment on each count and a $280 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45. The court also ordered Fernandez not to harass, molest, annoy, or communicate with the mother of his child, and to stay away from her residence and place of employment, and had Fernandez served with the criminal protective order before he left the courtroom.

In his notice of appeal, Fernandez checked the boxes indicating his appeal was "based on the sentence or other matters occurring after the plea" and challenged "the validity of the plea or admission." Handwritten notes at the top of the two pages of the notice of appeal, however, read, "I'm not challenging the plea. I am asking for less time. I am challenging the sentencing. . . . Modification of time." The trial court denied Fernandez's request for a certificate of probable cause, in which he asserted his trial counsel provided ineffective assistance.

## DISCUSSION

We appointed counsel to represent Fernandez on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On October 17, 2013 we advised Fernandez that he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response.

3

The record does not support Fernandez's claim in his notice of appeal that his counsel provided ineffective assistance at any time during the proceedings in the trial court. (See *Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) To the extent Fernandez is contending that his trial counsel was uninterested, uncommunicative, or allied with the prosecution, we cannot address these issues because they depend on matters outside the record on appeal and are more appropriately raised on habeas corpus. (*People v. Gray* (2005) 37 Cal.4th 168, 211 [rejecting claim of ineffective assistance of counsel because it "is more appropriately raised in a petition for writ of habeas corpus"]; *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [same].) With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea, we have examined the record and are satisfied that Fernandez's attorney on appeal has fully complied with the responsibilities of counsel and there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.

SEGAL, J.[*]

We concur:

WOODS, Acting P. J.                ZELON, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.